**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

AYUB HAJI ABUKAR
(formerly described as Ayub Abukar Haji),

Petitioner,

v.

JOHN ASHCROFT, Attorney General of the United States of America; *et al.*,

Respondents.

Civil No. 01-242 (JRT/AJB)

**MEMORANDUM OPINION AND ORDER**

---

Jeffrey J. Keyes and Kevin M. Magnuson, BRIGGS AND MORGAN, 2200 IDS Center, 80 South Eighth Street, Minneapolis, MN, 55402, for petitioner.

Lonnie F. Bryan, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415; and Greg D. Mack, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Civil Division, 1331 Pennsylvania Avenue, NW, Room 700S, Washington D.C., 20044, for respondents.

More than three years ago, petitioner Ayub Haji Abukar ("Abukar") filed a petition for a writ of habeas corpus, seeking an order that would bar the government[1] from deporting him to Somalia. The action was stayed by stipulation of the parties for a portion of 2001 during which the INS (k/n/a BICE) assessed its detention policy in light

---

[1] Maintaining consistency with its previous practice, the Court will refer to the organization formerly known as the Immigration and Naturalization Service ("INS"), now known as the Bureau of Immigration and Customs Enforcement ("BICE"), as "INS (k/n/a BICE)."

of the Supreme Court's holding in *Zadvydas v. United States*, 533 U.S. 678 (2001). The INS (k/n/a BICE) determined that petitioner's continued administrative detention was permissible, because petitioner had "acted to prevent his removal." The government has consistently refused to release petitioner, on this same rationale, and also on its assumption that petitioner is immediately deportable. The government does not contend that Abukar is dangerous, and does not contend that he presents a risk of flight.

United States Magistrate Judge Arthur J. Boylan recommended, in a Report and Recommendation dated June 10, 2003 ("R&R"), that Abukar's petition for habeas corpus be denied, based primarily on the Eighth Circuit's decision in *Jama v. Immigration and Naturalization Service*, 329 F.3d 630 (8th Cir. 2003). The Magistrate Judge recommended, however, that the petition be denied without prejudice, noting that petitioner might be able to sustain a habeas petition at some point in the future.

Petitioner timely objected to the R&R, and now requests that this Court hold in abeyance his habeas petition until the Supreme Court has ruled in the case of *Jama v. Immigration and Naturalization Service*, U.S. No. 03-674. In the interim, since petitioner's removal would not be "reasonably foreseeable" as that term is defined by Supreme Court precedent, petitioner requests that he be released from custody under conditions set by the INS (k/n/a BICE).

For the reasons discussed below, Abukar is ordered released from custody, and his habeas petition will be held in abeyance pending final action by the Supreme Court in the case of *Jama v. Immigration and Naturalization Service*, U.S. No. 03-674. This action renders the R&R moot, and as such, the Court will reject the R&R as moot.

## FACTUAL BACKGROUND

Abukar, and the surviving members of his family, fled Somalia in 1992 and resettled in the United States in 1997. Petitioner became homeless after his mother moved to a smaller apartment, and subsequently developed a drinking problem. In May of 1999, Abukar pled guilty to theft of a vehicle, and spent a short time in jail. In September of 1999, he pled guilty to third-degree assault stemming from a fight, apparently regarding borrowed clothing. Abukar was sentenced to 364 days in jail. The INS (n/k/a BICE) has had custody of Abukar since November 23, 1999.

Petitioner's application for asylum, withhold of removal, and protection under Article 3 of the Convention Against Torture was denied. Petitioner did not challenge the validity of the final removal order in the Court of Appeals.

This habeas action was filed on February 9, 2001, seeking an injunction barring removal to Somalia. In a separate case presenting the same legal question, this Court ruled on March 31, 2002, that removal to a country without first obtaining that country's acceptance was barred by statute. *Jama v. I.N.S.*, No. 01-1172, 2002 WL 507046 (D. Minn. March 31, 2002).[2] At that point, petitioner amended his habeas petition to add a claim premised on *Zadvydas v. Davis*, 533 U.S. 678 (2001). Abukar's habeas petition was amended with the permission of the Court, and over the objection of the government.

---

[2] Both *Jama v. INS* and the instant case were assigned to this Court by general assignment. Although the cases present the same legal issue, they are not "related" or "consolidated" for case management purposes.

This Court's decision that removal to a country without first obtaining that country's acceptance was reversed by a divided panel of the Eighth Circuit, in *Jama v. I.N.S.*, 329 F.3d 630 (8th Cir. 2003). Shortly thereafter, the Ninth Circuit reached the opposite result and enjoined the INS (k/n/a BICE) from deporting the vast majority of Somali deportees to Somalia. *Ali v. Ashcroft*, 346 F.3d 873 (9th Cir. 2003). In February of 2004, the Supreme Court granted certiorari in *Jama v. INS*, No. 03-674. *Jama v. INS* is on the Supreme Court's list of cases to be argued in the October Term, 2004. The government advises the Court that on December 12, 2003, the government filed a petition for rehearing en banc in the Ninth Circuit case, *Ali v. Ashcroft*, 346 F.3d 873 (9th Cir. 2003).

## DISCUSSION

### I. Stay

Petitioner requests that the Court hold his petition for habeas relief in abeyance pending the outcome of the Supreme Court's decision in *Jama v. INS*. The Supreme Court, petitioner notes, has granted certiorari to resolve the exact legal question that Abukar's habeas petition presents. The government responds that the Eighth Circuit's opinion in *Jama v. INS* is now controlling on this Court and reasons that, because of that opinion, Abukar's petition for habeas corpus should be denied, and this Court should find Abukar immediately deportable.

There is no question that Eighth Circuit decisions are binding on this Court.[3] There is also no question, however, that the Supreme Court has granted certiorari to, and is likely to review, the case on which the government would have the Court rely. Also notable is the Eighth Circuit's recall of its mandate in *Jama v. I.N.S.* on November 10, 2003. The Circuit ordered its mandate stayed, pending the Supreme Court's further action in that case.

Some courts have noted the potential prejudice, especially to habeas petitioners, of holding actions in abeyance. *Yong v. INS*, 208 F.3d 1116, 1119 (9th Cir. 2000). In this case, however, the petitioner requests the stay. In addition, the potential prejudice to Abukar would be much greater if the Court acted on the petition prematurely. At present, the Supreme Court indicates that it will review the question of law that would be dispositive of Abukar's petition. It is certainly true that the Supreme Court could dismiss the petition without reaching the merits. In the event the Court does so, however, the parties will be in no worse position than they are now.

Given the extreme, and irrevocable, prejudice that could result in premature action, the Court finds that the most conservative course of action is to stay ultimate resolution of this matter until the appeal in *Jama v. INS* is extinguished.

---

[3] Neither party addresses the effect on the precedential value of an opinion when the mandate has been recalled and stayed.

## II. *Zadvydas*

In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court held that the government could not detain removable aliens indefinitely, even where those aliens had committed serious crimes. 533 U.S. at 682. In reaching this conclusion, the Supreme Court discussed its preventive detention jurisprudence and noted that preventive detention based on dangerousness is authorized only when limited to "specially dangerous" individuals and subject to "strong procedural protections." *Id.* at 693 (citing *Kansas v. Hendricks*, 521 U.S. 346, 368 (1997) (upholding scheme that imposes detention upon "a small segment of particularly dangerous individuals" and provides "strict procedural safeguards")); *United States v. Salerno*, 481 U.S. 739, 747, 750-752 (1987) (in upholding pretrial detention, stressing "stringent time limitations," the fact that detention is reserved for the "most serious of crimes," the requirement of proof of dangerousness by clear and convincing evidence, and the presence of judicial safeguards), *Foucha v. Louisiana*, 504 U.S. 71, 81-83 (1992) (striking down insanity-related detention system that placed burden on detainee to prove nondangerousness).

The petitioners in *Zadvydas* were resident aliens who had lived in the United States and were to be deported because each had committed serious crimes. *Zadvydas.* 533 U.S. at 684-85. In fact, one involved a homicide. The Supreme Court did not focus on the nature of the crimes, but reasoned that in determining whether continued detention is "reasonable" the habeas court "should measure reasonableness primarily in terms of the statute's basic purpose, namely, assuring the alien's presence at the moment of removal." *Id.* at 699.

In this case, the government does not argue that Abukar is dangerous, or that he presents an intolerable risk of flight. Instead, the government's argument appears to be solely that continued detention is authorized because Abukar has "acted to prevent his removal" and is immediately deportable. The former argument, as discussed below, is incorrect. The latter is questionable, given the status of the controlling question of law, and the Eighth Circuit's recall and stay of its mandate.

The Court rejects as untenable any argument that Abukar has "acted to prevent his removal." Petitioner has not refused to cooperate with the government and has not refused to obtain travel documents. Instead, Abukar has exercised his constitutional and statutory rights to obtain judicial review of a question of law. *See Jama v. INS*, Slip Copy, 01-1172, 2004 WL 67658 (D. Minn. Jan. 12, 2004); *Farah v. Immigration and Naturalization Service*, 2003 WL 221809, No. Civ. 02-4724 at *4 (D. Minn. Jan. 29, 2003) ("the filing of a habeas petition on the basis of a pure question of law does not qualify as conspiring or acting to prevent his removal"); *Omar v. Immigration and Naturalization Service*, 2003 WL 1856432, No. Civ. 02-1387 (D. Minn. April 8, 2003) (agreeing with *Farah*). *See also Arevalo v. Ashcroft*, 260 F. Supp. 2d 347, 349-51 (D. Mass. 2003) (holding that alien who filed habeas petition and was granted stay of removal had "simply exercised her statutory rights" and had not acted to prevent removal).

Given this Court's stay of the habeas petition, and the pending Supreme Court review on the controlling question of law raised by this petition, Abukar is not deportable

in the next six months, or the "reasonably foreseeable future."[4] Abukar had no reported disciplinary problems while in prison. The government does not argue that he is dangerous and does not argue that he presents a risk of flight. Therefore, due process mandates, Supreme Court case law, and basic fairness dictate that Abukar be released with appropriate conditions.

## ORDER

Based on the foregoing, the submissions of the parties, and all of the files, records, and proceedings herein, the Court **SUSTAINS** petitioner's objections [Docket No. 34] and **REJECTS as MOOT** the Report and Recommendation of the Magistrate Judge [Docket No. 33]. Petitioner's habeas corpus petition [Docket No. 1] will be held in abeyance consistent with this Order.

**IT IS FURTHER ORDERED** that petitioner shall be released from custody under reasonable release conditions as set by the Bureau of Customs and Immigration Enforcement. Respondent is ordered to release petitioner by 10 a.m. on Wednesday, March 24, 2004.

DATED: March 17, 2004
at Minneapolis, Minnesota.

s/ John R. Tunheim
JOHN R. TUNHEIM
United States District Judge

[4] At this time, the case that will be dispositive of the legal issue presented here is scheduled to be on the Supreme Court's October calendar. It is now early March. Assuming the Supreme Court hears the case in October, and issues a decision the following month (which would be an unusually expedited schedule), petitioner still faces in excess of six months in "preventive detention."